**PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

RECEIVED

| UNITED STATES DISTRICT COURT | District:<br>Middle District of Florida<br>Tampa Division |
| --- | --- |

ON JUN 13 PM 3:59

| Name of Movant:<br>CHRISTOPHER R. ELY | Prisoner No.:<br>39198-018 | Case No.:<br>8:00-cr-313-T-23MSS |
| --- | --- | --- |

8:02-CV-1060-T-23mss

**PLACE OF CONFINEMENT:** LSCI BUTNER, North Carolina

# UNITED STATES OF AMERICA   V.   CHRISTOPHER R ELY

## MOTION

1. Name and location of court which entered the judgment of conviction under attack:

   United States District Court,
   Middle District of Florida - Tampa Division

2. Date of Judgment of conviction: June 8, 2001

3. Length of sentence:

   Thirty (30) months as to counts one and three of the superseding indictment both to run concurrently and a term of Thirty-six (36) months of Supervised release as to counts one and three of the superseding indictment both to run concurrently. Defendant began this term on September 6, 2001 and as of June 8, 2002, will have 16 months remaining with the credit of all applicable "Good Conduct Time".

4. Nature of offense involved (all counts):

   1 Count - 2422(b)
   Knowingly attempt to persuade, induce , entice and coerce an individual under 18 years of age to engage in

a sexual act for which any person can be charged with a
criminal offense, by using a facility and means of
interstate commerce.

1 count - 2252A(a)(5)(B)
Knowingly possessing child pornography which has been
produced using materials that had been mailed, shipped
and transported in interstate and foreign commerce.

5. What was your plea? (check one)

(a) Not Guilty        □
(b) Guilty            ✓
(c) Nolo Contendre    □

6. If you plead not guilty, what kind of trial did you have?
(check one)

(a) Jury              □
(b) Judge only        □

7. Did you testify at the trail?

Yes □      No □      N/A ✓

8. Did you appeal from the Judgment of conviction?

Yes □      No ✓

9. If you did appeal, answer the following:

(a) Name of the Court:  N/A

(b) Result:  N/A

(c) Date of result:  N/A

10. Other than a direct appeal form the judgment of
conviction and sentence, Have you previously filed any
petitions, applications, or motions with respect to this
judgment in any federal court?

Yes □   No ✓

11. If your answer to 10 was "yes" give the following
information:

(a)  (1) Name of Court:  N/A

     (2) Nature of proceedings: N/A

(3) Grounds raised: N/A

(4) Did you receive any evidentiary hearing on your petition, application or motion?

Yes ☐    No ☐    N/A ☑

(5) Result: N/A

(6) Date of result: N/A

(b) As to any second petition, application or motion give the same information:   N/A

(1) Name of Court: N/A

(2) Nature of proceedings: N/A

(3) Grounds raised: N/A

(4) Did you receive any evidentiary hearing on your petition, application or motion?

Yes ☐    No ☐    N/A ☑

(5) Result: N/A

(6) Date of result: N/A

(c) Did you appeal to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First Petition, etc.     Yes ☐    No ☐    N/A ☑
(2) Second Petition, etc.    Yes ☐    No ☐    N/A ☑

(d) If you did not appeal from the adverse action on any petition, application or motion explain briefly why you did not:     N/A

12. State concisely every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States.   Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting the same.

Caution: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings.

Each statement proceeded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you may have other than those listed.  However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds.  If you select one or more of these grounds for relief, you must allege facts.  The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntary or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutional selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right or appeal.

A.  Ground one:

Ineffective Assistance of Counsel - Failure to pursue grounds for a downward departure on the  grounds of diminished capacity after being made aware of the likeliness that the defendant displayed. signs of many of the necessary components.

Supporting FACTS (state briefly without citing cases or law):

Defense Attorney Frank Zaremba Failed to pursue a downward departure on the grounds of for diminished capacity based on a court ordered psychological evaluation which was prepared for the defense.  On October 13, 2000 a psychological examination of the

defendant was conducted. The results of this examination indicated the Defendant displays numerous components which would have warranted a downward departure for diminished capacity.  While the Defense Attorney did discuss the possibilities of said components as they related to diminished capacity with the Psychologist, he did not pursue this avenue.  Further, during the sentencing hearing the Defense Attorney did request the departure, but at no time did he present the court with the Forensic Psychology Evaluation report that was prepared and that he was in possession of nor did he call the  Psychologist as an expert witness to testify, therefore not laying a sufficient foundation for the argument before the court, by not substantiating his request.  Had the Defense  done so, the expert witness would have testified that the Defendant in fact displayed numerous attributes which at least one of the charges was a manifestation of and is  in direct correlation to case law where defendants have in fact been granted a departure, specifically as a result of a Clinical interview, Mental Status Examination as well as administration of the Minnesota Multiphasic Personality Inventory II Test which the Defendant obtained a valid profile from, showing the Defendant suffers from an Adjustment Disorder with Disturbance of Conduct and Dysthymic Disorder and on a Personality Assessment Inventory the Defendant presented as suffering from Adjustment Disorder, Unspecified,  and Mixed Personality Disorder with Borderline Paranoid, Obsessive-Compulsive features as well as the possibility of experiencing maladaptive behavior patterns aimed at controlling anxiety and therefore would have clearly warranted a departure. As a result of the Defense Attorney not pursing this, the request for departure was denied. It is further important to note that the defendant met all other criteria required to receive said departure.

B.  Ground two: Ineffective Assistance of Counsel - Failure
    to know the law with regards to sentencing.

    Supporting FACTS (state briefly without citing cases or
    law):

    The sentencing transcript will show that Defense Attorney
    Zaremba suggested to the court that a recommendation be
    made that the Defendant be remanded to a Bureau of
    Prisons Intensive Confinement Center (ICC) also known as
    a BOP Boot Camp.  This  request was granted by Magistrate
    Merryday,  Mr. Zaremba, by this action alone admittedly
    did not know sentencing laws and that due to the nature
    of the Defendant's charges, he was ineligible for the
    ICC.  Further, Zaremba was unaware of Laws pertaining  to
    Public Safety Factors which would be placed on the client
    as a result of the charges, which would also preclude him
    from eligibility for an ICC or serving a portion of his
    sentence in a Half-way-house environment. Clearly, the
    Defense Attorney was without competent knowledge of the
    sentencing guidelines or the laws regarding sentencing as
    they related to his clients specific charges.


C.  Ground three: Ineffective Assistance of Counsel - Failure
    to investigate and prepare because of the added cost of
    necessary testing.

    Supporting FACTS (state briefly without citing cases or
    law):

    Defense Attorney Zaremba was informed by the Psychologist
    who  performed the court ordered evaluation of the
    Defendant that in order to write an evaluation which
    would specifically relate to the issues of diminished
    capacity, he would need to conduct a more in-depth
    evaluation.  Mr. Zaremba's office , the Federal Public
    Defender's office, had allotted $300.00 for the initial

court ordered evaluation.  However, when informed that
the additional session(s) would result in additional
cost, Mr. Zaremba made the decision not to pursue the
matter citing the added expense without consulting the
Defendant or to seeking additional funds to defray the
cost, nor did he give the Defendant an opportunity to
accept responsibility for the cost himself. In doing so
Defense failed to investigate or prepare because of the
cost of further testing. As a result of this decision the
Defense Attorney was not prepared adequately to argue
Diminished Capacity and the request for departure was not
granted.

D.   Ground four: Ineffective Assistance of Counsel - Telling
the Defendant that neither the Defendant nor Defense
Counsel was authorized to interview Prosecution
witnesses.

Supporting FACTS (state briefly without citing cases or
law):

Defense Attorney Frank Zaremba told the Defendant on
numerous occasions that the prosecution was not
required to disclose the names of the witnesses that
would be called to testify and that he was therefore not
able to obtain a list in order for the Defendant to
prepare his counsel prior to trail. As the Plea-agreement
was not accepted until three (3) days before the trail
was set to start, and Prosecution testified during the
sentencing hearing that they were fully prepared to begin
the trail on the date set, Prosecution witnesses should
have been disclosed and made available to the Defense,
per the rules of discovery, as outlined in the Pretrial
Discovery Order and Notice of Trial and Status Conference
1.(A)(5), dated September 14, 2002.

E.   Ground five: Ineffective Assistance of Counsel - Failure

to interview and investigate Prosecution witnesses.

Supporting FACTS (state briefly without citing cases or law):

Defense Attorneys failed to perform any interviews or investigations of the Prosecution's witnesses therefore failing to prepare for trail, claiming they were not allowed access to said witnesses prior to trail.

F.   Ground six: Ineffective Assistance of Counsel - Pursuit of a Plea Agreement as a reason for lack of trail preparation.

Supporting FACTS (state briefly without citing cases or law):

On February 2 2001, three (3) days before the trail was set to start, Defense Attorney contacted the Defendant by telephone to inform him of a second plea agreement that had been offered by the Prosecution.  Mr. Zaremba further contacted the Defendant's parent's knowing their strong desire for the Defendant to accept the prior plea agreement offered. Since Defense failed to pursue further psychological evaluations, secure expert witnesses to testify or interview Prosecution witnesses it is clear they were not adequately prepared for trail and a plea agreement would offer the Defense Attorney relief. Defense therefore pursued a plea agreement and pursued the Defendant to accept it, the Thursday afternoon just prior to the commencement of the trial following Monday.

G.   Ground seven: Ineffective Assistance of Counsel - Failure to seek a downward departure on the grounds of Post Conviction Rehabilitation, which is intended to be a chance for truly repentant Defendants to earn reductions in their sentences based on a demonstrated commitment to

repair and rebuild their lives.

Supporting FACTS (state briefly without citing cases or law):

Prior to the defendants arrest, he was unemployed with a history of short term jobs. He was severely in debt and had a poor history of personal finances. He was estranged for a period of more than two years from his Father and had a limited relationship with the rest of his family. He had a history of short term residences and also not being able to maintain long term romantic relationships. The Defendant's New York State drivers license was revoked, his vehicle registration as a result was also revoked and at that time he also lacked proper auto insurance as well as owed several outstanding traffic fines due. After his arrest he immediately resolved issues with New York State Department of Motor Vehicles and obtained a release for his license. He registered his auto in the state of Florida and properly insured his auto as well as obtained a valid Florida drivers license. The Defendant was able over a relatively short period of time, reestablish a strong relationship with his Father which to date is still very active. He also strengthened his relationship with the rest of his family. Further, the Defendant was able to secure a full-time position with a large corporation where he worked from September of 2000 until August 4, 2001, two days prior to his self surrendering. The Defendants work performance was such that he was granted a one (1) year leave of absence from his position instead of accepting his resignation. He attended numerous technical training classes related to his field of work and has obtained additional college credit as a result of taking college courses offered while incarcerated. In addition, the Defendant married in January of 2001. he,

with the guidance of his wife, paid several of his past debts and have plans to purchase a home upon his release. The Defendant has further sought private counseling upon his release to ensure his stability.  With the exception of the college credit, the Defendant has earned, every other achievement took place prior to his incarceration, and in doing so clearly represented his commitment to accepting responsibility as well as repairing his life.

13. If any of the grounds listed in 12 A, B, C, D, E, F  and G were not previously presented, state briefly what grounds were not so presented and give your reasons for not presenting them:

The grounds set forth in this motion relate to Ineffective Assistance of Counsel, which had to argued within a 2255.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?

Yes ☐   No ☑

15. Give the name and address, if known of each attorney who represented you in the flowing stages for judgment attacked herein:

(a) At preliminary hearing:

Adam Allen
Federal Public Defender
501 East Polk Street
Timberlake Annex Suite 1000
Tampa, Florida 33602

(b) At arraignment hearing and plea:

Frank Zaremba
Federal Public Defender
501 East Polk Street
Timberlake Annex Suite 1000
Tampa, Florida 33602

(c) At trail:  N/A

(d) At sentencing:

>Frank Zaremba
>Federal Public Defender
>501 East Polk Street
>Timberlake Annex Suite 1000
>Tampa, Florida 33602

(e) On appeal:     N/A

(f) In any post-conviction proceeding:   N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding:  N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

Yes ✓    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐    No ✓

(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐    No ☐

Wherefore, movant prays that the court grant petitioner relief to which he or she many be entitled in this proceeding.

_Christopher R. Ely, Pro Se_
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on:

_June 7, 2002_
Date

_Christopher R. Ely_
Signature of Movant