FILED

03 DEC 19 PM 3: 46

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.

CHRISTOPHER ELY,

    Defendant.
_____/

Case No. 8:00-CR-313-T-23MSS
8:02-CV-1060-T-23MSS

## ORDER

Defendant Christopher Ely filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 88). He challenges the validity of his federal conviction for attempting to persuade a minor to engage in a criminal sexual act and for possessing child pornography. Ely was sentenced to thirty months' imprisonment. The conviction was pursuant to a plea agreement. The Government filed its response (Doc. 93) and Ely filed his reply (Doc. 99). The Government admits that the motion is timely. Response at 3 (Doc. 93). The arguments of the parties and the record demonstrate that the motion should be denied.

Ely's motion presents seven claims of ineffective assistance of counsel. Proving ineffective assistance of counsel is difficult. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). In order to demonstrate ineffective assistance of counsel, Ely must meet the test established by *Strickland v. Washington*, 466 U.S. 668 (1984). In *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), the Eleventh Circuit discussed ineffective assistance of counsel:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

The Eleventh Circuit further stated that "[w]hen applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds." *Sims*, 155 F.3d at 1305. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."). Moreover, simply proving that counsel made some error is insufficient to meet the burden established in *Strickland*.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial.... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir.1992). See also, *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001).

To meet the prejudice prong of the two-part test, Ely must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The inquiry is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot

be relied on as having produced a just result." *Id.* at 686. The proceeding must have been rendered unfair and the results unreliable. *Lockhart v. Fretwell*, 506 U.S. 364 (1993); *White*, 972 F.2d at 1220; *Atkins v. Singletary*, 965 F.2d 952, 958-59 (11th Cir. 1992), *cert. denied*, 515 U.S. 1165 (1995).

Lastly, the *Strickland* standard applies with equal force even when the claim of ineffective assistance of counsel is in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Agan v. Singletary*, 12 F.3d 1012 (11th Cir. 1994). However, regarding the performance prong of the standard, "counsel owes a lesser duty to a client who pleads guilty than to one who decided to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). And to meet the prejudice prong, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

The Court now applies these standards to Ely's claims. As discussed below, Ely cannot show that he was denied the effective assistance of counsel.

Grounds 1 & 3:

Ely alleges that he was denied the effective assistance of counsel because counsel did not pursue a downward departure based on diminished capacity (Ground 1), and because counsel failed to properly investigate and prepare a defense regarding the diminished capacity issue by not seeking further psychological testing due to the costs of additional testing (Ground

-3-

3). Ely's claims are belied by the record as the Government argues in their response. Answer in Opposition to Motion to Vacate at 7 - 8 (Doc. 93). Ely's counsel argued at length for a downward departure based on <u>both</u> aberrant behavior and diminished capacity. *See* Transcript of Sentencing at 21 - 25 and 34 (Doc. 87). Afterwards, this Court rejected the argument made by Ely's counsel for a downward departure based on aberrant behavior and diminished capacity, stating:

> I have not in my few years on the bench, now approaching ten, engaged in wink-and-nod sentencings trying to manipulate falsely the guidelines to achieve my own personal preference in some situation. Probably that's the right thing to do. If that sounds ominous for you, it is, because I simply cannot, having looked at this whole matter and studied it very closely, agree with Mr. Zaremba that you would qualify for a departure under the aberrant behavior provision or the diminished capacity provision.
>
> . . .
>
> I mean, you present yourself as a, frankly, unusually bright and articulate fellow. And I think that you don't suffer from anything that qualifies you for diminished capacity; and the nature of this event or series of events, this criminal episode, is such that it doesn't really qualify as aberrant behavior.

*Id.* at 43. Thus, counsel did present, and this Court did consider, whether Ely was entitled to a downward departure based on diminished capacity. Ely's claim that counsel's performance was deficient because counsel failed to pursue additional testing to bolster a diminished capacity argument is rejected. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690. See also, *Mincey v. Head,* 206 F.3d 1106, 1143 (11th Cir. 2000)("We must respect the

counsel's tactics if they seem 'reasonable considering all the circumstances.'" (quoting *Strickland*)). Nothing raised by Ely indicates that counsel's decision was not reasonable under the circumstances.

Grounds 4 & 5:

Ely alleges that he was denied the effective assistance of counsel because counsel advised him that neither he nor Ely were authorized to interview the Government's intended witnesses (Ground 4), and because counsel failed to adequately interview and investigate the Government's witnesses (Ground 5). Ely contends that counsel represented that the Government was not required to disclose the names of its intended witnesses prior to trial. The record supports the Government's representation that it was not required to disclose the names of the intended witnesses until the day of trial. "Exhibit and witness lists (three copies) shall be filed with the courtroom deputy clerk no later than the beginning of trial." Ely misinterprets the pretrial discovery Order entered in this case. The Government was required by that Order to disclose a summary of the intended witnesses' testimony but it was not required to disclose their identity. *See* "Pretrial Discovery Order and Notice of Trial and Status Conference" at ¶ 1(A)(5) (Doc. 16). Moreover, the Government did file a witness list (Doc. 51) prior to a hearing on a motion to suppress which identified two intended witnesses. Ely's contention that counsel was not prepared to proceed to trial is simply unsupported speculation. Consequently, Ely cannot meet the deficient performance prong of the *Strickland* test.

Ground 6:

Ely alleges that he was denied the effective assistance of counsel because counsel's pursuit of a plea agreement was due to counsel not being prepared for trial. Ely's argument

-5-

is based on the timing of the plea agreement: the plea agreement was reached on the Thursday afternoon with trial scheduled to commence on the subsequent Monday. Ely's implication that a plea agreement was reached on the eve of trial only because counsel was not prepared for trial is belied by the record as well as Ely's own representation in the motion to vacate. The record supports Ely's representation that the ultimate plea agreement was not the first attempt to reach an accord. Moreover, the plea agreement was made possible after the Government acquiesced to dismissing the "receiving charge." Just as in Grounds 4 & 5 discussed above, Ely's contention that counsel was not prepared to proceed to trial is simply unsupported speculation.

Ground 2:

Ely alleges that he was denied the effective assistance of counsel because counsel did not know the law regarding sentencing, specifically, that counsel asked the Court to recommend that Ely be confined in a Intensive Confinement Center, also know as a "boot camp," when Ely did not qualify for such placement. The record belies Ely's claim of deficient performance, because counsel clearly recognized that Ely might not so qualify.

> And the second one I would request sounds somewhat odd at first, but I've done some checking over the last several days as to whether he would qualify for boot camp. On first blush, it would appear that he probably would not qualify for boot camp. However, because there's no crime of violence involved in his past, he could conceivable — it would be up to boot camp on a case-by-case basis whether they would accept him.

Transcript of Sentencing at 58 (Doc. 87). Thus, Ely's claim is without merit.

Ground 7:

Ely alleges that he was denied the effective assistance of counsel because counsel failed to seek a downward departure based on post-conviction rehabilitation. Some of Ely's

-6-

efforts which he contends support a downward departure were conditions of his pretrial release, whereas the remainder do not qualify for a downward departure. See Government's response at 13 (Doc. 93).[1]

Accordingly, the motion to vacate sentence (Doc. 88) is DENIED. The Clerk shall enter a judgment against Defendant Ely and CLOSE the associated civil action.

ORDERED in Tampa, Florida, on December 19th, 2003.

Steven D. Merryday
UNITED STATES DISTRICT JUDGE

SA/ro

---

[1] The Court notes that the plea agreement included a provision that the Government would not object to Ely requesting a two-level downward departure for acceptance of responsibility. At sentencing, the Court granted Ely a three-level downward departure, reducing his exposure from a sentence of 33 - 41 months to a sentence of 30 - 37 months. Ely was sentenced to the minimum sentence of 30 months.

-7-